UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04067-AB-PDx | Date: | November 9, 2021 |
|---|---|---|---|

| Title: | *Bryant Marin v. FCA US LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **GRANTING** PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR REMAND [Dkt. No. 13]

Before the Court is Plaintiff Bryant Marin's ("Plaintiff") Motion for Leave to Amend Complaint and Remand to Los Angeles County Superior Court ("Motion," Dkt. No. 13). Defendant FCA US LLC ("FCA") filed an opposition and Plaintiff filed a reply. The Motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff, a California citizen, filed this action in state court, asserting claims against FCA for violation of various subsections of California Civil Code §§ 1791.1, 1791.2, 1793.2, and 1794, including claims for breach of express warranty and breach of the implied warranty of merchantability, all involving a vehicle FCA allegedly manufactured and/or distributed. FCA removed the action based on diversity jurisdiction.

Plaintiff now moves to amend the Complaint to add a claim for negligent

repair against Bravo Chrysler Dodge Jeep Ram ("BCDJR"), the dealership that tried to repair the vehicle. *See* Proposed FAC (Crandall Decl. Ex. 4). Plaintiff also moves for remand on the ground that adding BCDJR, a California citizen, would destroy diversity jurisdiction. FCA opposes, arguing that BCDJR is a sham defendant that should not be added to the case.

## II. LEGAL STANDARD

Motions to amend a complaint to add new parties are generally governed by Federal Rule of Civil Procedure ("Rule") 15. Rule 15 mandates that leave to amend be freely granted whenever justice requires. This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); see also *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires'.").

But Rule 15 "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." *Greer v. Lockheed Martin*, No. CV 10-1704 JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) (quoting *Chan v. Bucephalus Alternative Energy Group, LLC*, No. C 08-04537, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) (internal quotation marks omitted)). Amendment to add a diversity-destroying defendant is instead governed by 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447: (1) whether the new defendants should be joined under Fed.R.Civ.P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Calderon v. Lowe's Home Ctrs., LLC*, 2015 WL 3889289, *3 (C.D. Cal. 2015) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (internal quotation marks omitted).

"The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). A court's decision under § 1447(e) is reviewed for abuse of discretion. *See Newcombe*, 157 F.3d at 691.

## III. DISCUSSION

Having considered the relevant § 1447(e) factors, this Court finds that the amendment should be permitted and the case remanded to state court.

### A. Whether the Proposed New Defendant is Needed for Just Adjudication of the Matter

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, while courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Services, Inc. v. Compania mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011–12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

Here, Plaintiff's claims against the manufacturer FCA and the dealership BCDJR arise from the same vehicle, the same alleged defects in that vehicle, and the same ultimately failed attempts to repair the vehicle. BCDJR can therefore be considered directly related to Plaintiff's claimed injury and his claims against FCA, and not only tangentially related to those claims. Furthermore, resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues. Therefore, were joinder denied and Plaintiff required to pursue his claim against BCDJR in a separate action in state court, that action would be redundant to this action. This factor weighs in favor of granting the amendment.

### B. Timeliness and Undue Delay

It does not appear that the statute of limitations would bar Plaintiff from filing a parallel action against BCDJR in state court; this factor weighs slightly against amendment.

As to whether Plaintiff unduly delayed adding BCDJR, Plaintiff filed this motion about 5 months after he filed the original Complaint in state court and about 4 months after FCA removed it. This action is still in its early stages, as Plaintiff contends that there has been no discovery. FCA argues that Plaintiff unreasonably delayed amendment because he could have included BCDJR in the original Complaint and did not explain his failure to do so. But Plaintiff explained that he took his vehicle to BCDJR for additional repair attempts since filing the original Complaint in state court; the Court counts six such attempts. *See* Crandall Decl. ¶ 4. Such additional repair attempts could plausibly account for BCDJR's omission from the original Complaint. The Court finds no undue delay, and this favors granting amendment.

### C. Motive Behind Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980)). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F. Supp. 2d at 1012 (citing *Trotman v. United Parcel Service*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)).

FCA argues that the Court should deny the amendment because Plaintiff's motive is to destroy diversity and secure remand to state court. FCA argues that Plaintiff's "bad faith" is reflected in the fact that the proposed amended Complaint adds only one new cause of action (negligent repair) and that the prayer for relief is unchanged. But adding just a single claim does not necessarily reflect bad faith; rather, it could be that only one claim is available against BCDJR. Furthermore, the negligent repair claim is "conceptually distinct from [the] existing claims," undercutting FCA's bad faith argument. *See Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 216CV00949CASKSX, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (that additional claim was conceptually distinct suggests lack of bad

faith). And that the prayer is the same simply reflects that the kinds of remedies available for negligent repair are the same kinds of remedies available for the existing claims. These bare facts do not show bad faith and the Court declines to impute improper motive to Plaintiff. This factor therefore favors amendment.

### D. Apparent Validity of Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). FCA argues that Plaintiff's claim against BCDJR is invalid so BCDJR is a sham defendant and its joinder would be fraudulent.

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original); see also *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant. This is because " 'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.' " *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing with approval *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-574 (5th Cir. 2004) (en banc)).

FCA has not carried its heavy burden. FCA argues that Plaintiff's negligent repair claim is not viable because it is barred by the economic loss rule. However, Plaintiff responds that the economic loss rule does not bar his claim for at least two reasons. First, Plaintiff argues that BCDJR is the dealer that tried to repair his vehicle, not the dealer where he purchased the vehicle. According to Plaintiff, this means there is no contractual relationship between himself and BCDJR that could trigger the economic loss rule. Second, Plaintiff argues that even if there was a contract to which the economic loss rule could apply in the abstract, this case falls

within an exception for contracts *for services*. The Court cannot resolve this dispute over the applicability of the economic loss rule to this case in a summary manner. Accordingly, FCA cannot meet is burden to show that BCDJR would be a sham defendant.

### E. Prejudice to Plaintiff in the Absence of Joinder

FCA argues that Plaintiff would not be prejudiced based on its other arguments that BCDJR is not essential, that the same damages are alleged, and that the negligent repair claim is not viable. As discussed above, the Court finds that BCDJR is a necessary party under the relaxed standard applicable in the § 1447(e) context, and that the negligent repair claim is viable.

FCA's damages argument appears to be that Plaintiff can recover all damages from FCA so he would not be prejudiced if BCDJR were not joined. It is not clear whether Plaintiff seeks the same exact *measure* of damages, or just the same broad *categories* of damages, from FCA and BCDJR. But regardless, the kind of injury alleged is conceptually different: Plaintiff raises the possibility that injury was suffered at the point-of-repair as opposed to from FCA's alleged warranty failure. Potentially different compensatory damages could flow from these two different injuries. FCA argues that statutory indemnity under Cal. Civ. Code § 1793.2(d) would render it liable for any compensatory damages assessed against BCDJR, but FCA has not shown that § 1793.2(d) extends to negligent repair claims. And regardless, a negligent repair claim would first have to be asserted against BCDJR in order to trigger any indemnity of resulting liability. This shows that even an indemnity route to recovery involves litigating against BCDJR. Given the foregoing, the Court has no trouble concluding that Plaintiff would be prejudiced by having to litigate the negligent repair claim in a parallel and duplicative state court case. Joinder-and-remand under § 1447(e) is an appropriate means of avoiding that prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Plaintiff is **ORDERED** to file the First Amended Complaint within three days of the issuance of this Order. Upon Plaintiff's filing of the FAC, the Court will promptly remand this case to Los Angeles County Superior Court.

**IT IS SO ORDERED**.